## No. 960

## PENFIELD v. REICHLIN, REEDY, SCANLAN CO.

No. 20038. Supreme Court

On motion to certify. Dock. Aug. 3, 1926; 4 Abs. 541.

45. ADVERSE POSSESSIONS—Can recovery be had of real estate when one holds same for 21 years, regardless of his knowledge of adverse holding?

The contention in this case is, does open, notorious, adverse possession of realty by the Company for more than 21 years under a claim of exclusive ownership, defeat action for recovery when Penfield had knowledge of such possession and adverse holding.

Attorneys—L. A. Tucker and Bayly, Lawrence & Beach, Cleveland, for Penfield; Glitsch & Stack, Lorain, for Company.

N. B.—See 4 Abs. 618.

---

## No. 961

## STATE ex STIVERS v. DAWLEY

No. 20059. Supreme Court

On motion to certify. Dock. Aug. 14, 1926; 4 Abs. 557.

969. PUBLIC CONTRACTS—Where additional work is to be done which cannot be determined until completed, can commissioner let contract for same without publication of certificate of funds available?

Stivers contends in the Supreme Court that where a contract for highway improvement provides for alterations during the progress of the work, where the nature of the work required cannot be previously determined, and such alterations or additional work is to be done by directions of county commissioners, and they make a private contract with contractor for such additional work, they cannot do so without publication or certification of funds available.

Attorneys—E. B. Stivers and Fite & Fite for State ex; Young & Barnum, and Bagby & Bagby for Dawley; all of Georgetown.

## No. 962

## MIDWEST CO. v. ELECTRIC CO.

No. 20049. Supreme Court

On motion to certify. Dock. Aug. 6, 1926; 4 Abs. 541.

297. CONTRACTS—Is time the essence of a sale contract, as under the common law rule, in absence of modification by sales code?

The Midwest Co. contends in the Supreme Court that stating time of delivery in sales contract does not make time the essence of the contract, and that the Common Law rule is not applicable, even though such rule is not modified by sales code.

Attorneys—Mattern, Brumbaugh & Mattern for Midwest Co.; all of Dayton.

Note—OA. opinion will be found in 4 Abs. 698.

---

## No. 963

## MT. ZION CHURCH v. HARPER

No. 20060. Supreme Court

On motion to certify. Dock. Aug. 17, 1926; 4 Abs. 575.

106. ASSIGNMENT—Upon transfer of mortgage and note without record of mortgage, and the assignor thereof receives interest thereon and later note is returned, is the assignee (of the returned note and mortgage) the proper party to sue for breach of mortgage covenant?

Mt. Zion Church contends in Supreme Court that they are not the proper party to sue for breach of mortgage covenants, upon the following facts. Where a note is endorsed in blank and a mortgage securing same is duly assigned to a guaranty company, and both delivered to the guaranty company as security for insuring title, but the mortgage assignment was never recorded, and both mortgage and note are later returned without re-endorsement of note or re-assignment of mortgage, and interest on note was payable to guaranty company while it held note and mortgage, the assignment thereof did not pass the title.

Attorneys—A. H. Martin for Church; W. I. Knight & Ulmer & Berne for Harper; all of Cleveland.